Filed 1/6/26  In re J.S. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re J.S. et al., Persons Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES, | E086654 |
| Plaintiff and Respondent, | (Super.Ct.No. DPSW2400004) |
| v. | OPINION |
| R.P. et al., | |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  Sean P. Crandell, Judge.  Conditionally reversed with directions.

Tracy M. De Soto, under appointment by the Court of Appeal, for Defendant and Appellant R.P.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant J.S.

1

Minh C. Tran, County Counsel, Julie K. Jarvi, Deputy County Counsel for Plaintiff and Respondent.

Defendants and appellants R.P. (Mother) and J.S. (Father) appeal from the juvenile court's August 2025 order at the permanent plan selection and implementation hearing terminating their parental rights to their sons, Minor J. (born in 2020) and Minor L. (born in 2021). (Welf. & Inst. Code,[1] § 366.26; hereafter, .26 hearing.) Mother and Father contend the Riverside County Department of Public Social Services (DPSS) failed to meet its duty of inquiry to ask Minors' extended paternal relatives whether Minors may be Indian children within the meaning of the Indian Child Welfare Act of 1978 (ICWA) and applicable state law (Cal-ICWA). (See 25 U.S.C. § 1901 et seq; § 224.2, subds. (a) & (b); *In re Ja.O.* (2025) 18 Cal.5th 271, 278; *In re Dezi C*. (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*).) Plaintiff and respondent DPSS in a brief letter response concedes—and we agree—there was error and that conditional reversal is necessary to correct it.

"[A] social services agency has the obligation to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709.) This step is essential: " 'ensuring a proper, adequate, and duly diligent inquiry . . . is foundational to fulfilling the purpose underlying ICWA and related California law.' " (*Dezi C.*, *supra*, 16 Cal.5th at p. 1139.)

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

The juvenile court at the .26 hearing and several times earlier in the proceedings found that ICWA did not apply. "The juvenile court may find that ICWA does not apply to a proceeding if it determines 'that . . . inquiry and due diligence as required . . . have been conducted and there is no reason to know whether the child is an Indian child.' " (*In re K.H.* (2022) 84 Cal.App.5th 566, 589.) However, "[w]hen there is an inadequate inquiry and the record is underdeveloped, it is impossible for reviewing courts to assess prejudice because we simply do not know what additional information will be revealed from an adequate inquiry." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1125.) In such instances, conditional reversal for the child welfare agency to make the proper inquiry is necessary. (*Ibid.*)

DPSS acknowledges "inadvertent omissions in conducting [its] inquiry [into] whether the children were Indian children," and furthermore pledges that, with remand as Mother and Father both request, the omissions "will be remedied." The concession is well-taken and a model of forthright advocacy. Despite agency contact with Minors' paternal grandmother and aunt, neither were asked about Minors' Indian ancestry, if any. DPSS concedes it "therefore will not oppose a conditional reversal of the order terminating parental rights and remand of the case to properly interview paternal family members pursuant to the ICWA and related California statutes, and to document their responses in a report." That is the correct outcome here. (*Dezi C.*, *supra*, 16 Cal.5th at p. 1125 ["an inadequate Cal-ICWA inquiry requires conditional reversal of the juvenile court's order terminating parental rights with directions to the agency to conduct an adequate inquiry, supported by record documentation."].)

3

## DISPOSITION

The order terminating parental rights is conditionally reversed. The juvenile court shall: (1) direct DPSS to (a) fulfill and document its ICWA obligations of inquiry (§ 224.2), and/or (b) provide evidence of already having fulfilled that duty; and (2) determine whether ICWA applies in this case. If the juvenile court determines that ICWA does not apply, then the court is directed to reinstate the order terminating parental rights. If the juvenile court determines that ICWA applies, then the court is directed to proceed in conformity with the provisions of ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
_____
J.

We concur:

RAMIREZ
_____
P. J.

CODRINGTON
_____
J.

4